```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
_____
                              )
LUANITA LANE,                 )
                              )
         Plaintiff,           )
                              )    Civil Action No.
         v.                   )    22-10869-WGY
                              )
BRIGHAM AND WOMEN'S HOSPITAL, )
                              )
         Defendant.           )
_____)
```

ORDER OF REMAND

YOUNG, D.J.                                          June 21, 2022

Before the Court is Plaintiff Luanita Lane's ("Lane") "notice of removal," ECF No. 1, of her Suffolk County Superior Court civil action, styled Lane v. Brigham and Women's Hospital, Super. Ct. Civ. No. 2284CV0692, ECF No. 1-2, to this Court. Along with her notice of removal, Lane filed a motion to proceed in forma pauperis, ECF No. 2, which is ALLOWED.

Pursuant to 28 U.S.C. § 1447(c), with respect to removed actions, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Subject matter jurisdiction under Section 1447(c) "can be entertained at any time and it can be either raised by the Court sua sponte or by the parties to the proceedings." Rivera Narvaez v. JC Penney Puerto Rico, Inc., Civ. No. 18-1896-RAM, 2019 WL 3941104 at *2 (D.P.R. Aug. 20,

1

2019) (citation and quotations omitted).  The Court also has an independent obligation to inquire into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

The removal statute, "28 U.S.C. § 1441(a)[,] does not authorize a **plaintiff** to remove her own civil action from state court to federal court.  Removal is only available to defendants."  Hurd v. USIC LLC, No. 8:21CV295, 2021 WL 4596994, at *1 (D. Neb. Aug. 24, 2021) (emphasis original); Sreedhar v. Google LLC, No. CV 22-10322-RGS, 2022 WL 1539013, at *2 (D. Mass. May 16, 2022) (Stearns, J.) ("[O]nly a defendant has the power of removal.) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  Put another way, "the law is clear that [Lane, as a plaintiff in state court,] may not remove [her] own [state] action." Black v. Kilmartin, No. CA 11-265 M, 2011 WL 2971548, at *1 (D.R.I. July 6, 2011) (collecting cases), report and recommendation adopted, No. CA 11-265M, 2011 WL 2971359 (D.R.I. July 20, 2011).

Accordingly, this action is REMANDED to the Suffolk County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction.  The Clerk is directed to enter an order of remand,

2

notify the Superior Court pursuant to 28 U.S.C. §1447(c), and close this action.

```
 SO ORDERED.                    /s/ William G. Young
                               UNITED STATES DISTRICT JUDGE
```